Liu v. Garland

BIA
Loprest, IJ
A205 821 621

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-one.

PRESENT:
         PIERRE N. LEVAL,
         RAYMOND J. LOHIER, JR.,
         RICHARD J. SULLIVAN,
              *Circuit Judges.*
_____

MEILING LIU,
         *Petitioner*,

         v.                                          18-2005
                                                     NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
         *Respondent.*[1]
_____

FOR PETITIONER:            Joshua Bardavid, Esq., New York, NY.

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Merrick B. Garland is automatically substituted as the Respondent.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Gregory A. Pennington, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Meiling Liu, a native and citizen of the People's Republic of China, seeks review of a June 11, 2018, decision of the BIA affirming a July 26, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Meiling Liu,* No. A 205 821 621 (B.I.A. Jun. 11, 2018), *aff'g* No. A 205 821 621 (Immig. Ct. N.Y. City Jul. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). Because Liu contests only the denial

2

of her claim of past persecution under the family planning policy, we address only the adverse credibility determination underlying the agency's denial of relief on that basis.[2] *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Although Liu argues that the agency erred in extending the adverse credibility determination to her fear of future persecution as a Christian, she has not challenged the agency's alternative dispositive determination that she failed to establish an objectively reasonable fear of future persecution on that basis.

We review the adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . ,

---

[2] Because we may assume hypothetical jurisdiction where, as here, an asylum claim fails on the merits, we do not further address the agency's denial of asylum as untimely. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) (assuming jurisdiction where jurisdictional bar is statutory, not constitutional, and claim is "plainly without merit").

the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination here.

The adverse credibility determination is supported by the IJ's demeanor finding. We defer to the IJ's demeanor finding because the IJ was "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Here, the hearing transcript reflects a

number of times during which Liu was silent in response to straightforward questions on cross-examination.

The adverse credibility determination is also supported by the IJ's finding that Liu's testimony was vague. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) (holding that "spare" testimony may be indication of fabrication), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). As the IJ found, Liu's direct testimony and written statements were brief. When pressed to expand on some points, such as how she entered the United States, she could not provide details. When Liu noted on cross-examination that she had her intrauterine device ("IUD") removed prior to leaving China, in violation of the family planning policy, she provided no response when asked why she did not include that information in her prior statements. Given the lack of explanation and the fact that the IUD requirement was material to her claim of past persecution, the IJ did not err in relying on the omission. *See Hong Fei Gao*, 891 F.3d at 78, 82 (holding that "the probative value of a witness's prior silence on particular facts depends on

5

whether those facts are ones the witness would reasonably have been expected to disclose").

Having questioned Liu's credibility, the agency reasonably relied on her failure to corroborate her testimony with reliable evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to credit letters from Liu's mother, family, and friends in China. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that the weight of the evidence is a matter of agency discretion and deferring to agency's decision to afford little weight to spouse's letter); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (letters from noncitizen's friends and family were insufficient to provide substantial support for noncitizen's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Liu submitted no medical records to corroborate her alleged pregnancy, forced abortion and IUD insertion, ensuing required medical check-ups to monitor the IUD, or her visit to the private clinic to get her IUD removed, despite producing a record of a medical visit for an unrelated illness that she submitted in an attempt to establish her date of entry into the United States.

In sum, substantial evidence supported the IJ's adverse credibility determination.[3] *See Xiu Xia Lin*, 534 F.3d at 165–66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief rely on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

[3] We therefore do not reach the agency's additional plausibility finding relating to Liu's education and knowledge of the family planning policy or the possible inconsistency between her and her uncle's versions of his visit to China. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (noting that remand to the agency would be futile "*whenever* the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court